[Cite as *State v. Baxter*, 2025-Ohio-5722.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240555 |
| | | TRIAL NO. B-2305281-B |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| JEFFREY BAXTER, | : | *JUDGMENT ENTRY* |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 12/23/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Baxter*, 2025-Ohio-5722.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240555 |
| | | TRIAL NO. | B-2305281-B |
| Plaintiff-Appellant, | : | | |
| vs. | : | | |
| JEFFREY BAXTER, | : | *O P I N I O N* | |
| Defendant-Appellee. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 23, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, *Norbert Wessels* and *Scott Heenan*, Assistant Prosecuting Attorneys, for Plaintiff-Appellant,

*Jon R. Sinclair*, for Defendant-Appellee.

**MOORE, Judge.**

{¶1}  The State of Ohio, as plaintiff-appellant, appeals the judgment of the Hamilton County Court of Common Pleas dismissing the indictment against defendant-appellee Jeffrey Baxter. For the reasons set forth below, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

## I.  Factual and Procedural History

{¶2}  On October 26, 2023, police initiated a traffic stop for an equipment violation in the 3200 block of Vine Street. Eighteen-year-old Baxter was a passenger in the car. Police noted a strong odor of marijuana during the stop, and asked Baxter to exit from the car. After police located a firearm concealed along Baxter's waistband, Baxter fled on foot. On November 2, 2023, Baxter was indicted for unlawfully carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), a fourth-degree felony, and one count of improper handling of a firearm in a vehicle, in violation of R.C. 2923.16(B), a fourth-degree felony. Under Ohio's concealed-carry regime, a qualifying adult "means a person who is . . . twenty-one years of age or older . . . ." Because Baxter was 18 years old at the time of stop, he was not a "qualifying adult" and was therefore not "deemed to have been issued a valid concealed carry license." *See* R.C. 2923.111(C)(1)(a). On December 5, 2023, following his arrest, Baxter pleaded not guilty to each of the charges in the indictment.

{¶3}  On March 4, 2024, Baxter filed a motion to dismiss the charges in the indictment. He argued that Ohio's regulatory scheme prohibiting individuals under the age of 21 from carrying a concealed firearm violated his rights under the Second and Fourteenth Amendments to the United States Constitution.

{¶4}  The court granted Baxter's motion and dismissed both counts. The

court's analysis focused on the constitutionality of R.C. 2923.12(A)(2), citing a lack of historical support for the "qualifying adult" exception. The court noted that R.C. 2923.16(B) was problematic for the same reasons and concluded both statutes were unconstitutional as applied to Baxter.

{¶5} On appeal, the State raises a single assignment of error, arguing the court erred when it granted Baxter's motion to dismiss and that the State's prosecution of an individual under 21 years of age for carrying a concealed weapon is consistent with the United States Constitution.

## II. Analysis

### A. Dismissal

{¶6} We review de novo a court's dismissal of an indictment for purely legal reasons. *State v. Thacker*, 2024-Ohio-5835, ¶ 7 (1st Dist.). Legislative enactments, like statutes, enjoy a strong presumption of constitutionality, which requires the challenger to prove the constitutional flaw beyond a reasonable doubt. *State v. Hammock*, 2022-Ohio-3570, ¶ 13 (1st Dist.), citing *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus. "[D]oubts regarding the validity of a statute are to be resolved in favor of the statute." *State v. Grevious*, 2022-Ohio-4361, ¶ 9. An as-applied challenge asserts that a law is unconstitutional based on its enforcement in the factual context surrounding the challenger. *Simkins v. Grace Brethren Church of Delaware, Ohio*, 2016-Ohio-8118, ¶ 20, citing *Yajnik v. Akron Dept. of Health, Hous. Div.*, 2004-Ohio-357, ¶ 14.

{¶7} The United States Supreme Court, in *New York State Rifle & Pistol Assn. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), has instructed courts on how to assess whether a challenged firearm regulation violates the Second Amendment. The Court in *Bruen* held that we must ask if the

4

modern firearm regulation at issue "is consistent with the Nation's historical tradition of firearm regulation." *Bruen* at 24. The Court in *Rahimi* tasked that we consider both "why" and "how" the regulation at issue burdens the right, and to then see if the modern regulation imposes "similar restrictions for similar reasons" to the analogues considered. *Rahimi* at 692. However, the regulation at issue does not need to be a "historical twin" or a "dead ringer" to survive *Bruen* muster. *Id.* at 692. Instead, the State need only produce "a pattern of analogous regulations in effect at the time of the Country's founding." *Thacker* at ¶ 12, fn. 1.

{¶8}   We assess the court's dismissal of each charged offense in turn.

### 1. R.C. 2923.12(A)(2) – Concealed Carry

{¶9}   In *State v. Reed*, 2025-Ohio-4708 (1st Dist.), this court assessed a similar challenge to R.C. 2923.12(A)(2), and held,

> We conclude that the Second Amendment, as construed in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), does not preclude the State's prosecution of [the defendant] for carrying a concealed weapon. The State has adequately demonstrated that, as applied to [the defendant], R.C. 2923.12 "is 'relevantly similar' to laws that our tradition is understood to permit." *Rahimi* at 692, quoting *Bruen* at 29.

*Reed* at ¶ 5.

{¶10}   Pursuant to this court's disposition in *Reed*, the State may prosecute Baxter for unlawfully carrying concealed weapons.

### 2. R.C. 2923.16(B) – Improper Handling

{¶11}   R.C. 2923.16(B) regulates the manner in which an individual may possess a firearm in a vehicle. The statute states that "no person shall knowingly

transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." In *State v. Stonewall*, 2025-Ohio-4974, ¶ 27 (1st Dist.), however, we recognized that "qualified adults" are exempt from this prohibition.

**{¶12}** In *Stonewall*, we addressed a challenge to an improper-handling conviction brought by an individual under the age of 21. The *Stonewall* court underscored that R.C. 2923.16(B) does not impose an outright prohibition on the individual's ability to defend themselves outside of the home. *Id.* at ¶ 39. Instead, the statute limits the manner in which individuals under the age of 21 may possess a firearm in a car. *Id.* at ¶ 39. We concluded that "*Bruen* does not stand for the proposition that the Second Amendment affords individuals the unfettered right to carry an unregistered firearm while in a vehicle" and held that R.C. 2923.16(B) was constitutional as applied. *Id.*, quoting *State v. Quintile*, 2024-Ohio-2026, ¶ 26 (9th Dist.).

**{¶13}** Like in *Stonewall*, R.C. 2923.16(B) is constitutional as applied to Baxter. The restriction that R.C. 2923.16(B) places upon an unqualified adult like Baxter is limited to the duration in which Baxter is in a car. This furthers the regulatory interest we discussed in *State v. Hall*, 2025-Ohio-1644, ¶ 103 (1st Dist.). Specifically, in *Hall* we explained that the purpose behind concealed-carry laws was to reduce the risk of surprise attacks from hidden weapons. *Id.* Here, Baxter's conduct, keeping a firearm concealed in his waistband while he was a passenger in a car, is a prime example of the kind of conduct that *Hall* recognized the State could regulate. *Id.*

**{¶14}** Therefore, R.C. 2923.16(B) as applied to Baxter is constitutional. The assignment of error is sustained.

### *III. Conclusion*

**{¶15}** Having sustained the State's sole assignment of error, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**CROUSE, P.J.,** concurs separately.
**BOCK, J.,** dissents.

**CROUSE, P.J.,** concurring separately.

**{¶16}** I fully concur in the majority's opinion upholding Baxter's conviction for carrying a concealed weapon under R.C. 2923.12(A)(2) for the reasons set forth in *State v. Hall*, 2025-Ohio-1644 (1st Dist.), and in my concurring opinion in *State v. Reed*, 2025-Ohio-4708, ¶ 26-27 (1st Dist.) (Crouse, J., concurring separately).

**{¶17}** I further concur in the majority's holding that the State may constitutionally prosecute Baxter for improper handling of a firearm in a motor vehicle under R.C. 2923.16(B). However, I write separately to explain that, while I agree with the portions of *State v. Stonewall*, 2025-Ohio-4974 (1st Dist.), relied upon in the majority opinion, I cannot endorse *Stonewall*'s reasoning in its entirety.

**{¶18}** As I read *Stonewall*, it offered two bases for upholding the improper-handling conviction of a 19-year-old defendant. *First*, it argued "that restricting firearms to minors 'fits comfortably' within the 'American tradition of burdening the ability of 18- to 20-year-olds to purchase goods, including firearms.'" *Id.* at ¶ 33, quoting *McCoy v. BATFE*, 140 F.4th 568, 577 (4th Cir. 2025). *Second*, it noted that "Ohio's statute regulates the manner in which a person under 21 may carry a firearm in a motor vehicle." *Id.* at ¶ 39.

**{¶19}** I generally agree with *Stonewall*'s second rationale, as I believe that R.C.

7

2923.16(B) can be constitutionally applied as a regulation of the *manner* in which individuals carry firearms. I view this as a modest extension of the reasoning set forth in *Hall*. *Compare Hall*, 2025-Ohio-1644, at ¶ 79 (1st Dist.) (noting that history shows states were generally "free to regulate the manner in which . . . protected weapons had to be carried"). Just as the State may criminalize the carrying of concealed weapons generally, it may also criminalize concealing them in a motor vehicle "to reduce the number of surprise shootings and to put individuals around the arms-bearer on notice of the dangerous weapon they carry." *Id.* at ¶ 87. As the majority opinion in this case notes, "Baxter's conduct, keeping a firearm concealed in his waistband while he was a passenger in a car, is a prime example of the kind of conduct that *Hall* recognized the State could regulate." Majority opinion, at ¶ 14, citing *Hall* at ¶ 103.

{¶20} However, I cannot agree with *Stonewall* in upholding R.C. 2923.16(B) based on an alleged history and tradition of regulating the rights of those under 21. For the reasons I explained in detail in my *Reed* concurrence, I believe that "[a]ny tradition of firearm restrictions based on age and infancy . . . should be viewed as tied to the line between minority and majority, not to the line between 20 and 21 years." *Reed*, 2025-Ohio-4708, at ¶ 23 (1st Dist.) (Crouse, J., concurring separately). I continue to hold that "laws restricting the rights of modern 18-to-20-year-olds are not 'relevantly similar' to laws or traditions restricting the rights of infants" for purposes of *Bruen*. *Id.* at ¶ 25. In this case, while Baxter was under 21, he was over the age of majority. *Compare id.* at ¶ 15; *see also* R.C. 3109.01 (setting age of majority in Ohio at 18). Thus, a regulation of his right to bear arms is not "relevantly similar" to regulations of infants' rights at the founding.

{¶21} The majority opinion in this case does not explicitly adopt *Stonewall*'s age-based rationale, only its manner-of-carry rationale, so I join it in full. I concur that

8

our Nation's history and tradition of concealed-carry regulations means that R.C. 2923.16(B) can be constitutionally applied to a car passenger with a firearm concealed in his waistband.

**BOCK, J.,** dissenting.

{¶22} The State indicted Jeffrey Baxter for carrying concealed weapons and improperly handling a firearm in a motor vehicle. Eighteen-year-old Baxter's conduct would not have been criminal in Ohio had Baxter been 21 years old. For the reasons stated in *State v. Reed*, 2025-Ohio-4708, ¶ 30 (1st Dist.) (Bock, J., concurring in part and dissenting in part), and *State v. Barber*, 2025-Ohio-1193, ¶ 64-79 (1st Dist.), I would overrule the State's assignments of error and affirm the trial court's dismissal of the two charges. Because the majority does otherwise, I respectfully dissent.